**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**VINOD C. GUPTA,**

**Plaintiff,**

**v.**

**SPRINT SPECTRUM, L.P. and**
**GLOBAL SIGNAL ACQUISITIONS III, L.L.C.,**

**Defendants.** **Case No. 06-cv-530-DRH**

# MEMORANDUM & ORDER

**HERNDON, District Judge:**

## I. INTRODUCTION

Plaintiff Vinod C. Gupta, acting *pro se*, has brought this action (Doc. 1) against defendants Sprint Spectrum, L.P. ("Sprint") and Global Signal Acquisitions III, L.L.C. ("Global"), upon the basis of diversity jurisdiction, pursuant to **28 U.S.C. § 1332**. After filing an Answer, defendant then filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 14), arguing that complete diversity does not exist among the parties. Plaintiff has opposed a dismissal, arguing against it in his Response (Doc. 19) and also requesting, in the alternative, that the Court instead dismiss Global as a party defendant in the case in order to eliminate any diversity jurisdiction problems. Sprint has also filed a Reply (Doc. 23) to Global's Motion, arguing that Global cannot be dismissed from the case as it is an indispensable party to this action. Global, thereafter, filed its Reply (Doc. 26), but failed to address the

issue of indispensable parties.[1] As the Court finds it does not have subject matter jurisdiction, Plaintiff's suit must be dismissed without prejudice.

## II. ANALYSIS

### A. Diversity Jurisdiction and Citizenship of Unincorporated Entities

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868)**; ***Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**.

Unincorporated business entities, such as limited partnerships ("LP") or limited liability companies ("LLC") "are analogized to partnerships, which take the citizenship of every general and limited partner." ***Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) (citing**

---

[1] Plaintiff also filed a Sur-Reply (Doc. 28), addressing the issue of whether Global is an indispensable party to this action, but this issue is not a prevailing factor in the Court's analysis of the instant Motion to Dismiss.

***Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015 (1990)**). Thus, the Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." ***Id.* (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir.1998)**). Similarly, an LP is also deemed a citizen of "every jurisdiction of which any partner is a citizen." ***Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998)(citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 110 S. Ct. 1015 (1990))** Further, under **28 U.S.C. § 1332(c)**, for the purpose of federal diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principal place of business is located. ***Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 529 (7th Cir.1985)**.

**B. Citizenship of Global**

In his Complaint, Plaintiff pleads that diversity jurisdiction exists. Although neither party directly challenges the amount in controversy, Global asserts there is not complete diversity between the parties, as both Plaintiff and Global are deemed citizens of the State of Florida. Plaintiff alleges that he is a resident of Boca Raton, Florida (Doc. 1, ¶ 4). Plaintiff does not properly allege the citizenship of either Global or Sprint, which are both unincorporated business entities. The most information Plaintiff gives regarding the Defendants' citizenship is that "Sprint Spectrum L.P., upon information and belief, has an address at 6500 Sprint Parkway . . . Overland Park, KS 62251," and that "Global Acquisitions III LLC, upon information and belief, has an address at 301 N Cattlemen Rd, Suite 300, Sarasota,

FL 34232" (*Id*. at ¶¶ 5 & 6).

In its Motion to Dismiss (Doc. 14), Global asserts that as an LLC, it is comprised of several members, one of which is Global Signal Operating Partnership, L.P. (*Id*. at p. 2). Global substantiates this information through the affidavit of Matthew Traiser, who is Global's Assistant General Counsel, Real Estate (*see id*. at p. 4 - Traiser Affidavit, ¶ 1). Because Global Signal Operating Partnership, L.P., is an unincorporated limited partnership, its citizenship depends on the citizenship of its members. Global states that Global Signal Operating Partnership, L.P.'s general partner is Global Signal GP, LLC (*Id*., Traiser Aff., ¶ 4). Therefore, as Global Signal GP, LLC is also an unincorporated limited liability company, its citizenship is also determined by the citizenship of its members.

Global asserts that one of Global Signal GP, LLC's members is Global Signal, Inc. (*Id*. at pp. 2-3, Traiser Aff., ¶ 5). As a corporation, Global Signal, Inc., is deemed a citizen of both its state of incorporation and the state where its principle place of business is located. Global asserts that Global Signal, Inc.'s principle place of business is in the State of Florida, "where it is headquartered and conducts a vast majority of its physical operations (*Id*. at p. 3, Traiser Aff., ¶ 6). Thus, Global concludes that it is also deemed a citizen of the State of Florida, as ultimately, one of its members is deemed a citizen of the State of Florida (*Id*. at p. 3). Accordingly, because both Global, a party defendant, and Plaintiff are deemed citizens of the State of Florida, there is no complete diversity of citizenshp. Therefore, diversity jurisdiction, pursuant to **28 U.S.C. § 1332**, does not exist.

Plaintiff opposes, arguing that Global admitted in its Answer that diversity jurisdiction exists (Doc. 8, ¶ 2). However, even though it is plainly obvious from the face of its Answer that Global did admit to the existence of diversity jurisdiction, such an admission is not enough to bestow this Court with proper subject matter jurisdiction over Plaintiff's claims. Federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993)**; ***Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. In other words, this Court has an independent obligation to assure itself of jurisdiction over the parties' controversy. As such, Plaintiff's argument in this regard is not well-taken. Plaintiff also presents no evidence to rebut Global's assertion that it is deemed a citizen of the State of Florida under the law for purposes of diversity jurisdiction.

In the alternative, Plaintiff requests the Court dismiss Global from the action in order to preserve diversity between Plaintiff and Sprint (as there is currently no challenge to diversity of citizenship with regard to Sprint).[2] However, "[a] court lacks jurisdiction to consider the merits of a case over which it is without jurisdiction." ***Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)**. The Court finds that the uncontroverted evidence shows that there is not complete

[2] Sprint has filed a Reply (Doc. 23) to Plaintiff's opposing Response (Doc. 19), arguing a dismissal of Global is improper, as it is an indispensable party to the action. The Court, without jurisdiction, cannot address the merits of such argument. By this reasoning, the Court also cannot address all other pending motions in this matter, such as Plaintiff's Motion for Injunctive Relief (Doc. 20).

diversity of citizenship and so this Court does not have proper diversity jurisdiction pursuant to **28 U.S.C. § 1332**. Without jurisdiction, the Court cannot Plaintiff to dismiss his claims against Global, as technically, this case should never have been filed with this Court.[3]

## III. CONCLUSION

The Court finds that complete diversity of jurisdiction does not exist between the parties and thus, it does not have jurisdiction over Plaintiff's claims pursuant to **28 U.S.C. § 1332**. As such, Defendant Global's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 14) is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Signed this 24th day of January, 2007.

/s/ David RHerndon
**United States District Judge**

[3] Plaintiff may attempt to file an Amended Complaint in this fashion, but the Court cannot act to dismiss a party in a case it has no jurisdiction over.